TRACY L. WILKISON
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY W. STAPLES (Cal. Bar No. 155505)
BENJAMIN D. LICHTMAN (Cal. Bar No. 241135)
BRADLEY E. MARRETT (Cal. Bar No. 288079)
Assistant United States Attorneys
    Ronald Reagan Federal Bldg. & U.S. Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3535/3505
    Facsimile: (714) 338-3708/3561
    E-mail:   greg.staples@usdoj.gov
                benjamin.lichtman@usdoj.gov
                bradley.marrett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 16-00076-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT THOMAS SANETTI |
| v. | Date: December 13, 2021 |
| THOMAS SANETTI, | Time: 10:00 a.m. |
| Defendant. | |

The government submits its sentencing position for defendant Thomas Sanetti.

Dated: November 29, 2021       /s/ *Bradley E. Marrett*
                                              GREGORY W. STAPLES
                                              BENJAMIN D. LICHTMAN
                                              BRADLEY E. MARRETT
                                              Assistant United States Attorneys

                                              Attorneys for Plaintiff
                                              UNITED STATES OF AMERICA

**I.  INTRODUCTION**

For the reasons discussed below, the government recommends a sentence of five months' imprisonment, followed by three years' supervised release, including a term of five months home confinement, a fine of $4,000, and a special assessment of $100. The government believes restitution is impractical in this case and therefore does not recommend an order for restitution.

**II.  BACKGROUND**

On August 26, 2016, defendant pleaded guilty to Count Ten of the Indictment, charging him with mail fraud, in violation of 18 U.S.C. § 1341. Defendant Sanetti admitted to the facts in Paragraph 15 of his plea agreement, (ECF 283, Plea Agreement ¶ 15), which included the following:

Defendant admitted to operating Uncaged Industries DBA West Coast Distribution. Defendant's company sold toner by cold-calling customers and lying about being the customer's regular supplier and lying about there being a price increase.

**III. GUIDELINES CALCULATIONS**

The government calculates the Sentencing Guidelines as follows:

| | | |
|---|---|---|
| Base offense level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| > 10 victims: | +2 | U.S.S.G. § 2B1.1(b)(2)(A) |
| Loss: | +14 | U.S.S.G. § 2B1.1(b)(1)(H) |

It is not possible to precisely determine loss in this case, which spanned decades and involved thousands of victims. It is for this reason the government does not believe restitution is practical in this case. However, in accordance with the plea agreement, the

1

government urges the Court to apply a 14-level loss adjustment corresponding to a loss of 1,127,689.09, representing payments made to Sanetti's companies by IDC between 2010 and 2014 and for which Sanetti, directly, and not a business partner or manager, was responsible. (Plea Agreement ¶ 15; ECF 1618 at 4.)

The government recommends that the Court use the government's calculation of loss in arriving at the correct sentencing guidelines.

After a three-level reduction for acceptance of responsibility, which the government recommends, this would yield an offense level of 20, prior to any downward departure for defendant's substantial assistance.

The USPO has determined that defendant is in criminal history category I. (PSR ¶ 104.) The government has no objection to the USPO's calculation of defendant's criminal history. The resulting sentencing range for an offense level 20 and criminal history category I is 33-41 months.

In addition, defendant is subject to an additional five years in prison because the crime involved telemarketing. 18 U.S.C. § 2326. For the reasons discussed below, the government believes a sentence of five months, followed by three years' supervised release, including a term of home confinement, satisfies the sentencing goals of 18 U.S.C. § 3353, taking into account defendant's substantial assistance to the government.

///
///
///
///

## IV. GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE

### A. Defendant's Substantial Assistance Warrants a Seven-Level Downward Departure

Pursuant to U.S.S.G. § 5K1.1, upon motion of the government, the Court may depart from a guideline sentence to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. U.S.S.G. § 5K1.1(a) enumerates five factors that the Court may consider to determine the appropriate offense level reduction where a defendant provides such assistance. The government believes defendant has satisfied the criteria set forth in the guidelines, and, in recognition of that substantial assistance, moves for a downward departure of seven levels.

Defendant entered into a cooperation plea agreement with the government shortly after the indictment. Indeed, defendant Sanetti was the first defendant to accept a plea offer in this case; further, defendant proffered with the government and provided information on the operation of the fraud scheme at issue in this case. In particular, defendant proffered about the inner workings of his company and prior companies that he owned and worked for, including companies which co-defendant James Milheiser also owned and worked for. The government found defendant's information to be truthful and accurate.

Defendant testified at trial over several days, and his testimony played an important role in establishing the liability of co-defendants Michaels and Milheiser, as well as several other co-defendants with whom defendant he had direct contact. Defendant also

3

corroborated the testimony of the other cooperating witnesses by explaining his knowledge of the use of the fraudulent sales pitch.

In sum, defendant's cooperation was timely, useful, and his testimony and information contributed substantially to the guilty verdicts against the defendants who proceeded to trial in this case. Accordingly, the government recommends a seven-level departure under Section 5K1.1.

**V.    GOVERNMENT'S SENTENCING RECOMMENDATION**

If the Court grants the government's requested seven-level downward departure, it would result in an offense level of 13, with an advisory guidelines range of 12-18 months.  In addition, however, the government also recommends an additional <u>Booker</u> variance pursuant to 18 U.S.C. § 3553(a) equivalent to 1-level.  This variance is based both on the mitigating personal history and characteristics noted in the PSR and to avoid sentencing disparities with other similarly situated defendants in this case.

An offense level of 12 and criminal history category I results in an advisory guidelines range of 10-16 months.

The government recommends, consistent with the plea agreement, that the Court impose a low-end split-sentence of five months imprisonment followed by three years of supervised release, to include a term of five months home confinement.

Finally, the USPO determined that defendant has the ability to pay a fine.  The USPO recommends that defendant pay a fine of $15,000, based on its calculation of the applicable offense level. (PSR ¶ 151.)  The government defers to the USPO's determination of defendant's ability to pay a fine but recommends a fine of $4,000

4

after accounting for defendant's substantial assistance and the government's recommended variance.

The government submits that its recommended sentence is sufficient, but not greater than necessary, to address the offense taking into account all the factors the Court must consider under 18 U.S.C. § 3553(a), including defendant's offense conduct, his physical health history, his educational history, his familial ties and responsibilities, and his efforts toward rehabilitation.

## VI. CONCLUSION

Based on the foregoing, the government recommends that this Court impose a low-end split-sentence of five months' incarceration followed by three years' supervised release, to include a term of five months home confinement, a $4,000 fine, and a $100 special assessment.